UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN BURCH,

    Petitioner,               CRIMINAL NO.  04-80857
                                      CIVIL ACTION NO. 06-15080

vs.

                                      DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                      MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF
AMERICA,

    Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The instant Motion to Vacate, Set Aside, or Correct Sentence should be DENIED, but the Court should grant Petitioner a hearing to determine the source and effect of errors in the Rule 11 Agreement and the Presentence Investigation Report.

\*     \*     \*

Petitioner, while a prisoner at the Federal Correctional Institute in Terre Haute, Indiana[1], filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on November 13, 2006, alleging violations of his federal constitutional rights to due process incident to his guilty plea before United States District Court Judge Lawrence Zatkoff. As a result of a Rule 11 plea bargain agreement, which fully set forth the promises made by

---

[1] Plaintiff is currently incarcerated at the federal prison camp in Florence, Colorado.

both parties,[2] the Petitioner pled guilty on August 25, 2005, to conspiracy to possess with the intent to distribute 30 grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was later sentenced to the custody of the Attorney General for a term of 57 months. As promised in the Rule 11 plea agreement, Petitioner did not file an appeal with the Sixth Circuit Court of Appeals.

In his Motion to Vacate, Petitioner contends that he received ineffective assistance of counsel prior to his guilty plea and later at sentencing. He claims that his attorney should have demanded that the government produce samples of the substance alleged to be "crack" cocaine. Moreover, Petitioner asserts that his attorney should have objected to the excessive sentence he received for distributing crack cocaine. He argued that the 100 to 1 sentencing ratio of the Sentencing Guidelines for crack cocaine over powder cocaine[3] violated his constitutional rights.

The Respondent filed an Answer to the Motion to Vacate on March 1, 2007, contending that Petitioner's guilty plea served as an admission that he committed all the elements of the crime. Alternatively, Respondent asserted that by failing to raise these issues before this Court at sentencing, or before the Sixth Circuit on direct appeal,

---

[2] In consideration of the plea, the parties agreed that the maximum custodial sentence would not exceed 57 months. In addition, Petitioner agreed not to appeal the legality of the sentencing guidelines or challenge the accuracy of any factor stipulated to in the guideline worksheets. The district court later sentenced Petitioner to 57 months' imprisonment. In exchange for the guilty plea, the government agreed to dismiss count 55 of the indictment, which alleged that Petitioner possessed cocaine base (crack) with intent to distribute. (See Rule 11 Plea Agreement at Docket #115).

[3] Under the 100:1 ratio of the Sentencing Guidelines, an individual who traffics in a given quantity of crack cocaine is treated the same as an individual who traffics in 100 times as much powder cocaine. U.S.S.G. §2D1.1.

Petitioner was procedurally barred from raising them in a collateral pleading under § 2255. Petitioner filed a reply to Respondent's Answer on June 7, 2007, reiterating most of the same arguments contained in his habeas petition.

Section 2255 provides that in an action to vacate or correct the sentence,[4] the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief . . . ." I am persuaded that the court should deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence as to the issues raised, but that he should be afforded a hearing to determine the source and effect of errors in the Rule 11 Agreement and the Presentence Investigation Report.

CAUSE AND PREJUDICE FOR FAILURE TO RAISE ISSUE ON DIRECT APPEAL

As a general rule, a person seeking to challenge a conviction or sentence must raise all appealable issues on direct appeal, and may not use a § 2255 motion as a substitute for a direct appeal. United States v. Timmreck, 441 U.S. 780, 783 (1979) (§ 2255 motion shall not be permitted "to do service for an appeal"). Petitioner failed to raise the sentencing disparity between crack and powder cocaine before this Court at sentencing, or before the Sixth Circuit on direct appeal. He is precluded from relief under § 2255, therefore, unless he first establishes both "cause" and "prejudice" with respect to his failure to raise the issues on direct appeal. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Petitioner has shown neither

---

[4]In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).

3

cause nor prejudice, and his sentence disparity claim can be rejected on that ground alone. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984).

Even if Petitioner were able to show cause and prejudice, there is no merit to his argument that his equal protection rights were violated by the enhanced sentencing disparity between crack and cocaine powder. As pointed out by Respondent in the Answer to the § 2255 petition, the Sixth Circuit has applied the rational basis test and upheld the 100 to 1 ratio between crack and cocaine powder as constitutional. United States v. Smith, 73 F.3d 1414, 1419 (6th Cir. 1996). The 100:1 ratio has not been found to violate the substantive component of the Due Process Clause. United States v. Pickett, 941 F.2d 411, 418-419 (6th Cir. 1991). The Sixth Circuit has also rejected an equal protection challenge to the ratio brought under the Fifth Amendment, United States v. Williams, 962 F.2d 1218, 1227 (6th Cir. 1993), as well as a claim that the term "cocaine base" was unconstitutionally vague. United States v. Levy, 904 F.2d 1026, 1033 (6th Cir. 1990).

## GUILTY PLEA PROCEEDINGS

By pleading guilty, Petitioner knowingly waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. A voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504 (1984). As the Supreme Court has noted, "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system -- speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63 (1977). By reason of Petitioner's guilty plea, the government no longer had any

4

obligation to produce the substance alleged to be "crack" cocaine in order to prove his guilt beyond reasonable doubt. This claim, therefore, can be rejected as being without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim of inadequate counsel must satisfy both elements of the test. The defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom Id. at 697. Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the (Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

I find nothing in the issues raised in the Petition which would call into question the adequacy of defense counsel's performance. The record reflects that Petitioner voluntarily entered a guilty plea to Count One after a fully adequate explanation of his alternatives. The sentence imposed was within the limits established in 21 U.S.C. §841, and within the range contemplated by the parties in the Rule 11 Agreement. Accordingly, I find that the Petition lacks merit and that it should be denied. Nonetheless, it does appear that an error

5

was made in the guideline calculations in the Rule 11 Agreement, and in the Presentence Investigation Report (PSR).

Petitioner pled guilty to possession with intent to distribute 30 grams of cocaine base. The guideline (base offense level) for that quantity was 28, and not 30 as is reflected in the Rule 11 Agreement. U.S.S.G. § 2D1.1(a)(3)(c)(6). Accepting all of the agreed upon adjustments in the Rule 11 Agreement as correct, the sentence range corresponding to the offense of conviction should have been 37 to 46 months.

The error was perpetuated in the PSR. It appears that the investigating officer accepted the agreed upon sentencing range and concluded (erroneously) that Petitioner had pled guilty to possession with intent to distribute at least 35 grams of cocaine base, which amount would correspond to the agreed upon guideline range. Thus, Petitioner was sentenced to a term of imprisonment greater than contemplated in the Sentencing Guidelines for the offense of conviction, but within the stated terms of the plea agreement. Nothing in the record (other than the errors described here) accounts for the sentence above the correct guideline range. Although this issue is not raised by Petitioner, I recommend that the Court afford him a hearing to determine whether the error warrants a sentence adjustment. If the government could have proven Petitioner's involvement with no more than 30 grams of cocaine, defense counsel may well have been ineffective in permitting him to agree to a sentencing range corresponding to a higher amount of the drug. The current state of the record does not allow that issue to be determined.

For all the foregoing reasons, then, the undersigned recommends that the Motion to Vacate, Set Aside, or Correct Sentence be DENIED, but that the Court grant a hearing to determine whether errors in the Rule 11 Agreement and Presentence Investigation

Report warrant a modification of Petitioner's sentence. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Zatkoff's acceptance thereof is waived.

                                                 s/Donald A. Scheer
                                                 DONALD A. SCHEER
                                                 UNITED STATES MAGISTRATE JUDGE

DATED: September 18, 2007

_____

## CERTIFICATE OF SERVICE

     I hereby certify on September 18, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 18, 2007. **Herman Burch.**

                                                 s/Michael E. Lang
                                                 Deputy Clerk to
                                                 Magistrate Judge Donald A. Scheer
                                                 (313) 234-5217