# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HERMAN BURCH,

    Petitioner,

vs.

CRIMINAL NO. 04-80857
CIVIL ACTION NO. 06-15080
HON. LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER ADOPTING, IN PART, MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 13, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Respondent filed a response brief, and Petitioner replied to Respondent. This matter comes before the Court on Magistrate Judge Scheer's Report and Recommendation of September 18, 2007, in which the Magistrate Judge recommends denying the Motion to Vacate, Set Aside, or Correct Sentence and granting Petitioner a hearing to determine the source and effect of errors in the Rule 11 Agreement and in the Presentence Investigation Report.[1] Petitioner filed an objection to the Report and Recommendation. The Court has reviewed the court file, the Report and Recommendation, and the objection to the Magistrate Judge's Report and Recommendation filed by Petitioner. As a result of that review, the Court ADOPTS the Report and Recommendation and enters it as the findings and conclusions of this Court as it pertains to the denial of Petitioner's motion. The Court, however, DENIES Petitioner a hearing to determine the

---

[1] The Report was filed under criminal case no. 04-80857.

source and effect of errors in the Rule 11 Agreement and in the Presentence Investigation Report.

The Rule 11 Agreement and Presentence Report contained an apparent miscalculation with respect to the recommended sentencing guideline range for Petitioner, using a base offense level of 30 instead of 28 as required by the guidelines. A two level reduction was recommended pursuant to § 2D1.1(b)(7). Another two level reduction was recommended under § 3B1.2(b) for minor participant status. Finally, Petitioner received a three level reduction for acceptance of responsibility under § 3E1.1(a)–(b). These reductions yielded a total offense level of 23, with a corresponding guideline range of 46–57 months. The Court, however, determined that Petitioner did not qualify for the minor participant reduction, resulting in a total offense level of 25 and a guideline range of 57–71 months. Petitioner was sentenced to 57 months imprisonment. Had the guidelines been calculated properly, the Rule 11 Agreement and Presentence Report would have calculated the appropriate range starting from a base offense level of 28. After reductions, the total offense level would have been 21 with a guideline range spanning 37–46 months. After declining the minor participant status reduction, however, the Court would have determined that the appropriate guideline range was the same as that proposed initially: 46–57 months. Since the Court sentenced Petitioner within this range, any error in miscalculating the appropriate sentencing guideline range was harmless.

Therefore, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct his sentence is DENIED.

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: November 16, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 16, 2007.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290